UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEJERRY POWELL,

    Plaintiff,   Civil Action No. 22-12904
                                           Honorable Linda V. Parker

v.

KEVIN P. FRANEIES *et al.*,

    Defendants,
_____/

## OPINION AND ORDER DISMISSING COMPLAINT AS DUPLICATIVE TO CASES # 22-CV-12091, 22-CV-12496, AND 22-CV-12594

DeJerry Powell ("Plaintiff"), an individual confined at the Gus Harrison Correctional Facility in Adrian, Michigan, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. Having reviewed Plaintiff's complaint, the Court dismisses it without prejudice for being duplicative of several previously filed civil rights complaints currently pending in the U.S. District Court Eastern District of Michigan.

Plaintiff's main claim is that his 8th Amendment rights have been violated because he has not received adequate mental health treatment while confined in various Michigan Department of Corrections ("MDOC") facilities. Plaintiff also may be alleging that the MDOC has not taken adequate steps to protect him from

1

the Coronavirus. Plaintiff also claims that prison officials have discriminated against him on the basis of his race.

Plaintiff previously filed several virtually identical lawsuits which raised the same claims in those cases that he raises in this case. Those cases remain pending before other judges in this district. Plaintiff, in fact, asked that those other cases be consolidated before a single judge. *See Powell v. Washington*, No. 22-cv-12091 (E.D. Mich.) (Michelson, J.); *Powell v. State* Bureau, No. 22-cv-12496 (E.D. Mich.) (Cleland, J.); *Powell v. Campbell*, No. 22-cv-12594 (E.D. Mich.) (Kumar, J.).

As a general rule, when duplicative lawsuits are pending in separate federal courts, "the entire action should be decided by the court in which an action was first filed." *Smith v. S.E.C.*, 129 F.3d 356, 361 (6th Cir. 1997). A duplicative suit is one in which the issues "have such an identity that a determination in one action leaves little or nothing to be determined in the other." *Id.* (citation omitted). The Sixth Circuit has held that a district court "has broad discretion in determining whether to dismiss litigation or abstain in order to avoid duplicative proceedings." *In re Camall Co.*, 16 F. App'x 403, 408 (6th Cir. 2001) (citing *In Re White Motor Credit*, 761 F.2d 270, 274–75 (6th Cir. 1985)).

Plaintiff's current civil rights complaint will be dismissed because it is duplicative of his civil rights cases which remain pending before other judges in

this district.  Further, because this case is summarily dismissed for being duplicative, the Court disregards Plaintiff's failure to file an application to proceed *in forma pauperis*.  See *Gilmore v. Oakland Ctny. Jail Med. Unit*, No. 2:11-14902, 2013 WL 1155535, at * 2 (E.D. Mich. Mar. 20, 2013) (citation omitted).

Accordingly,

**IT IS ORDERED** that the Complaint is **DISMISSED WITHOUT PREJUDICE**.

s/ Linda V. Parker<br>
LINDA V. PARKER<br>
U.S. DISTRICT JUDGE

Dated: February 9, 2023

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, February 9, 2023, by electronic and/or U.S. First Class mail.

s/Aaron Flanigan<br>
Case Manager